IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHARLIE LAMONTE MCKINNEY, JR.,** | : | |
| Plaintiff, | : | |
| V. | : | NO. 5:24-cv-00105-MTT-CHW |
| **TYRONE OLIVER,** *et al.*, | : | |
| Defendants. | : | |

## ORDER

Plaintiff Charlie Lamonte McKinney, Jr., a prisoner in Central State Prison in Macon, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. This complaint, however, is not on the proper form for prisoner § 1983 complaints. If Plaintiff intends to proceed with this action, Plaintiff is **ORDERED** to recast his complaint on the proper form consistent with the instructions below.

Plaintiff's complaint, as currently drafted, is scattered and difficult to follow. In recasting his complaint, Plaintiff must clearly set forth the claims that he is seeking to raise. To that end, Plaintiff must identify the defendants against whom he is seeking to proceed, and he must state what each defendant did or did not do that Plaintiff believes violated his constitutional rights. Plaintiff is not to attach exhibits or other documents to the recast complaint. Plaintiff may attach additional pages to the complaint if he needs to do so to state his claims, but Plaintiff may attach no more than a total of ten additional pages for his statement of the claims.

Plaintiff's recast complaint will take the place of, and supersede, his original complaint, such that the Court will not look back to the original complaint when considering Plaintiff's claims. Thus, Plaintiff should take care to include any relevant facts that he wants the Court to consider in his recast complaint.

Additionally, Plaintiff has not paid the $405.00 filing fee for his complaint or moved for leave to proceed *in forma pauperis*. A prisoner seeking to proceed *in forma pauperis* must submit both (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Without the account statement (or similar certified documentation), the Court does not have sufficient information to determine the average monthly deposits or the average monthly balance in Plaintiff's trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial fee when funds are available). Thus, Plaintiff is now **ORDERED** to either pay the $405.00 filing fee or file a proper and complete motion to proceed *in forma pauperis*.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint on the proper form and either pay the $405.00 filing fee or submit a proper and complete motion for leave to proceed *in forma pauperis*. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action. Additionally, while this case is pending, Plaintiff must promptly notify the Court in writing as to any change to his mailing address.

The **CLERK** is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form and a motion to proceed *in forma pauperis* with the appropriate account certification form and his service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 19th day of April, 2024.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge